IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:13cv11

| | | |
|---|---|---|
| **GEORGE HENRY CARD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| **MICHAEL J. ASTRUE,** | ) | AND |
| **Commissioner of Social Security,** | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff brought this action on February 21, 2013, seeking review of the decision of the Commissioner to deny his claims for Disability Insurance Benefits and Supplemental Security Income.  Pursuant to 42 U.S.C. § 405(g), a plaintiff must bring an action seeking review of the final decision of a Commissioner of Social Security in the district court for the judicial district where the plaintiff resides.  Although the Complaint alleges that Plaintiff resides in Cherokee County, North Carolina, (Complaint at ¶ 2), Plaintiff states in his Application to Proceed in District Court Without Prepaying Fees or Costs that he resides in Lake City, Florida.  In fact, Plaintiff admits to currently being employed in Lake City and living at a church shelter there.  It appears that Plaintiff is also collecting food stamps in Florida.   Accordingly, the Court directed Defendant to show cause in

-1-

writing whether the Court should transfer this case to the appropriate district court in Florida.  (Order, Feb. 27, 2013.)

In response to the Court's Order, Defendant failed to provide any supporting affidavits or facts that demonstrate that venue is proper in this district.  Based on the only evidence in the record before the Court, it is clear that Plaintiff did not reside in the Western District of North Carolina at the time he brought this lawsuit, as required by 42 U.S.C. § 405(g).  Rather, Plaintiff swore in his affidavit that as of February 20, 2013, he was living in Lake City, Florida where he was employed.  Accordingly, Plaintiff has failed to show cause how venue is proper in this Court.  The Court **RECOMMENDS** that the District Court either dismiss without prejudice this action for improper venue or transfer this case to the appropriate district court in Florida.

Signed: March 18, 2013

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).